**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

            - against -

VINCENT NAPOLITANO,

                Defendant.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 99-4807 (JS) (JO)

**JAMES ORENSTEIN, Magistrate Judge:**

Plaintiff, the Securities Exchange Commission (the "SEC") seeks the entry of a default judgment against defendant Vincent Napolitano ("Napolitano") upon his failure to file an answer or otherwise respond to a Complaint served pursuant to court order, the first service of such Complaint having been found defective. *See* Docket Entry ("DE") 185 (motion for default); *see also* DE 161 at 2 (Report and Recommendation permitting the SEC to again effectuate service of the summons and complaint) ("R&R"). Napolitano claims he was never served with this summons and complaint and therefore requests dismissal of the claims against him. *See* DE 201. On February 13, 2006 the Honorable Joanna Seybert, United States District Judge, referred the matter to me for a report and recommendation as to whether the notation of default against Napolitano should be vacated "and for all matters related to the SEC's motion for a default judgment against Defendant Vincent Napolitano." DE 202 (docketed February 14, 2006). I now make that report and respectfully recommend that default judgment be entered against Vincent Napolitano and that the following sanctions be imposed; (1) an injunction barring the violation of securities law, (2) an order directing the disgorgement of $4,709,828.04, (3) the assessment of prejudgment interest in the amount of $1,833,847.78, and (4) a $100,000 civil monetary penalty.

I.  Background

I assume the reader's general familiarity with my earlier Report and Recommendation. However, for the reader's convenience, I briefly restate below the facts relevant to my report on the instant application.

On August 18, 1999 the SEC filed a complaint alleging that Napolitano, together with others, unlawfully obtained millions of dollars in profit through the operation of a complex scheme to manipulate the value of various companies' stock. *See* DE 1 ("Complaint") ¶ 1. The case was stayed on May 3, 2000, pending the outcome of a related criminal action. *See* DE 19. Judge Seybert lifted the stay on June 1, 2004, and all defendants were sent a letter informing them that of that fact and of their obligation, within 20 days, to file an answer or otherwise respond to the Complaint. *See* DE 80, Ex. 3. On July 8, 2004, the SEC filed a motion seeking an entry of default against Napolitano and nine other defendants, none of whom had yet responded to the Complaint. *See* DE 32-35. On July 28, 2004, Judge Seybert referred each of those motions to me for a report and recommendation as to whether a default judgment was appropriate and, if so, the appropriate, the amount of damages to be awarded. *See* DE 73.

On August 23, 2005, I issued my initial report. Although I recommended the entry of a default as to other defendants, with respect to Napolitano – whom I concluded had not properly been served – I recommended that the court deny the SEC's motion and vacate the Clerk's notation of default. *See* R&R at 2. I further recommended that "the Court should permit the SEC to effect proper service of the summons and Complaint on Napolitano within 30 days of the court's order. If, after proper service, Napolitano does default, the court should enter a default judgment against Napolitano and grant the full relief sought by the SEC." *Id*.

On September 2, 2005, the SEC filed a certificate of service stating that it had on that date mailed the Report and Recommendation to Napolitano. DE 163. Ten days later, the Commission filed an affidavit attesting to the personal service upon Napolitano of a summons and the Complaint on September 2, 2005. DE 164. No objections having been filed within ten days of the date of service, on September 21, 2005 Judge Seybert issued an order deeming all objections waived and adopting the Report and Recommendation in its entirety. *See* DE 165 at 2-3. Additionally, Judge Seybert noted that "all defendants named in this action were served with a copy of the Report and Recommendation by first class mail on September 2, 2005 and that Defendant Napolitano was also served by personal delivery on September 2, 2005." *Id.* On September 30, 2005 the SEC filed a certificate of service stating that on September 26, 2005 Napolitano was sent a copy of Judge Seybert's order by first class mail. *See* DE 166.

On January 20, 2006, upon the SEC's motion, the Clerk issued a notation of default. DE 168 (motion); DE 175 (notation of default). That same day, the SEC certified that it sent a copy of its motion to Napolitano by first class mail. DE 183. On January 23, 2006 the SEC filed a motion for entry of default judgment and a certificate of service stating that the motion papers had been mailed to Napolitano by first class mail. *See* DE 184 (proposed order); DE 185 (Memorandum of Law); DE 186 (certificate of service).

Attorney James Druker sent a letter, dated January 23, 2006, to Judge Seybert stating that he has "been assisting Vincent Napolitano on a pro bono basis [because] Mr. Napolitano is unable to retain counsel" and was writing in response to a notation of default his office had just received. He further stated that the last correspondence he had received was Judge Seybert's order of September 21, 2005, and that "[a]lmost four months have elapsed without the service of

3

a Summons and Complaint." Therefore Mr. Druker requested that the matter be dismissed with respect to Napolitano. The letter was returned to Mr. Druker because he was not Napolitano's attorney of record. *See* Notice of Non-Compliance dated January 31, 2006. By letter dated February 1, 2006, Napolitano submitted a letter on his own behalf that substantially repeated the assertions that Mr. Druker had made. *See* DE 201. On February 14, 2006, Judge Seybert referred the matter to me for a report and recommendation. *See* DE 202.

On June 9, 2006 I issued an order granting Napolitano the opportunity to "submit a sworn affidavit containing specific facts that rebut statements set forth in the SEC's certificate of service of the summons and Complaint no later than June 30, 2006." DE 210. I ordered that upon the timely submission of such an affidavit I would conduct an evidentiary hearing for the sole purpose of determining "the facts relevant to the sufficiency of the SEC's service of process." *Id.* I further ordered that should no such affidavit be filed I would "deem the SEC's service proper and promptly file a Report and Recommendation urging the district court to enter default judgment against Napolitano." *Id.* At my further direction, the SEC served my order upon Napolitano. *See id*. That service was made by first-class mail delivery to the address Napolitano had listed on his letter of February 1, 2006. *Compare* DE 210 *with* DE 201. To date Napolitano has neither filed an affidavit as directed nor responded in any other way to my order of June 9, 2006.

II.  Discussion

Notwithstanding Mr. Druker's attempt to assist Napolitano, I consider the latter to be unrepresented and therefore liberally construe his letter dated February 1, 2006. *See McPherson*

*v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). As a result, I infer from his letter that he wished to contest the proposition that he was properly served with the summons and Complaint.

Under New York law an affidavit of service "establishes a prima facie case of the account of the method of service." *Old Republic Insurance Company v. Pacific Finanical Servcies of America, Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) (citing *NYCTL 1997-1 Trust v. Nillas*, 288 A.D.2d 279 (N.Y. App. Div. 2001)). A defendant may rebut the presumption of proper service by means of a sworn denial, thereby triggering the need for an evidentiary hearing on the matter. *Id.* (citing *Skyline Agency, Inc., v. Ambrose Coppotelli, Inc.*, 117 A.D.2d 135 (N.Y. App. Div. 1986)). However, "no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." *Id.* at 58 (citing *Simonds v. Grobman*, 277 A.D.2d 369 (N.Y. App. Div. 2000)) (quotations omitted).

Napolitano's letter of Februay 1, 2006, was not sufficient to require a hearing. Rather than let that end the matter, in recognition of his *pro se* status, I gave him an additional opportunity to make the required showing and explained the potential consequences should he fail to do so. Now that Napolitano has had that additional chance to vindicate his rights, I can only interpret his silence as an unwillingness or inability to contest the SEC's certificate of service. Under the circumstances, an evidentiary hearing no longer serves any purpose; instead, I can and do presume, on the basis of the SEC's certificate, that Napolitano was properly served. The record further conclusively demonstrates that, despite being properly served, Napolitano has not timely answered or otherwise responded to the Complaint. He has therefore defaulted and is accordingly subject to the full panoply of consequences of that default.

III. Recommendation

For the reasons set forth above as well as in my earlier report, I respectfully recommend that the court enter a default judgment against Vincent Napolitano and that the following sanctions be imposed: (i) disgorgement in the amount of $4,709,828.04 and prejudgement interest in the amount of $1,833,847.78, jointly and severally on a *pro rata* basis with, respectively, defendant Stockplayer.com, Inc. and the defendants elsewhere described as the "Napolitano relief defendants,"[1] (ii) a civil monetary penalty in the amount of $100,000.00; and (iii) an order enjoining Napolitano from future violations of Sections 17(a) and 17(b) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and Rule 102 of Regulation M.

IV. Objections

This Report and Recommendation will be filed on ECF. Counsel for the plaintiff is directed to serve a copy of this Report and Recommendation on Napolitano and to file proof of such service with the court by July 21, 2006. Any objection to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to me within 10 days of the completion of service. Failure to file objections within this period waives the right to appeal the

---

[1] *See* DE 161 at 1 n.1 (listing the following entities as "Napolitano relief defendants:" Intercapital Holdings Corp.; Meersbrook, Ltd.; Windlass Capital Management, Ltd.; Tarlton Financial, Ltd.; Japura Company; VJS International Holdings, Inc.; Anchor Capital Management, Ltd.; Lancer, S.A.; and Yorkshire Capital Management, Ltd.).

6

District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.2d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
July 7, 2006

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge