UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SECURITIES AND EXCHANGE COMMISSION,

                Plaintiffs,

                                    ORDER
      -against-                      99-CV-4807 (JS)(JO)

VINCENT NAPOLITANO, STOCKPLAYER.COM,
INC., IRVING J. STITSKY, and JORDAN
I. SHAMAH,

                Defendants, and

I.S.A. CONSULTING, INC., I.J.S.
CONSULTING, INC., J.S.I. CONSULTING,
INC., I&J CONSULTING, INC., WALKER
CONSULTING, LTD., FINANCIAL FUTURE
CORP., INTERCAPITAL HOLDINGS CORP.,
MEERSBROOK, LTD., WINDLASS CAPITAL
MANAGEMENT, LTD., TARLTON FINANCIAL,
LTD., JAPURA COMPANY, VJS INTERNATIONAL
HOLDINGS, INC., ANCHOR CAPITAL
MANAGEMENT, LTD., LANCER, S.A. and
YORKSHIRE CAPITAL MANAGEMENT, LTD.,

                Relief Defendants.

----------------------------------------X

Appearances:
For Plaintiff:         Alison J. Okinaka, Esq.
                       Thomas M. Melton, Esq.
                       Securities and Exchange Commission
                       50 South Main Street, Suite 500
                       Salt Lake City, UT 84144

For Defendant:
Napolitano              Vincent Napolitano, Pro Se
                       27 Blueberry Court
                       Melville, NY 11747

Stitsky                Harris N. Cogan, Esq.
                       Blank Rome Tenzer Greenblatt LLP
                       The Chrysler Building
                       405 Lexington Avenue
                       New York, NY 10174

Shamah                 Jordan Shamah, Pro Se

95 Westwood Drive Apt. 118
Westbury, NY 11590

Remaining Defs.      No Appearance

SEYBERT, District Judge:

The Court is in receipt of Magistrate Judge James Orenstein's Report and Recommendation for Plaintiff's application for a default judgment against Defendant Vincent Napolitano ("Defendant"), dated July 7, 2006 ("Report and Recommendation"). Presently pending before the Court is Defendant's objection to Magistrate Judge Orenstein's recommendation that the Court enter a default judgment against him and that sanctions be imposed.

I.   BACKGROUND

The Report and Recommendation sets forth the facts of this case in a thorough manner, and therefore, the Court will not recite them. On July 14, 2006, Magistrate Judge James Orenstein received an "Affidavit" signed by Defendant, which the Court liberally construes as Defendant's objection to the Report and Recommendation ("Def.'s Aff."). The Affidavit states that Defendant "was never served with a Summons and Complaint in the above-entitled action." (Def.'s Aff. ¶ 1, filed July 14, 2006.) Although Defendant did not offer any specific facts or support for this conclusory statement, this Court held a traverse hearing on September 25 and October 19, 2006 to hear the testimony of the process server and Defendant with respect to service of the Summons

2

and Complaint on September 2, 2005.[1]

II. STANDARD OF REVIEW

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within ten days of receiving the recommended disposition. See FED. R. CIV. P. 72(b). Upon receiving any timely objections to the magistrate's recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C); see also FED. R. CIV. P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-324, 2002 U.S. Dist. LEXIS 3453, at *2 (S.D.N.Y. March 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815,

---

[1] On September 25, 2006, the date on which the traverse hearing was originally scheduled, testimony of the process server was heard; however, due to Defendant's 45-minute delay in arriving, the hearing was adjourned and scheduled to resume on October 19, 2006, at which time Defendant testified.

3

817 (S.D.N.Y. 1991). However, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Barratt, 2002 U.S. Dist. LEXIS 3453, at *2 (citations omitted).

For the most part, Defendant's objections are conclusory in nature. The Court, therefore, is only required to review the Report and Recommendation for clear error. However, pro se objections may be construed liberally. See Pearson-Fraser v. Bell Atl., No. 01-CV-2343, 2003 U.S. Dist. LEXIS 89, at *4 (S.D.N.Y. Jan. 6, 2003) (noting that leniency is generally accorded where the petitioner is proceeding pro se). Accordingly, the Court will engage in a de novo review of Judge Orenstein's Report and Recommendation. Under the de novo standard, the Court will make an independent determination of this controversy, giving no deference to any previous resolution. See Nomura Sec. Int'l, Inc. v. E*Trade Sec., Inc., 280 F. Supp. 2d 184, 198 (S.D.N.Y. 2003). The Court is not limited to consideration of evidence presented to the magistrate judge, but may review the entirety of the record. See FED. R. CIV. P. 72(b).

III. DISCUSSION

Under the laws of New York, an affidavit of service is prima facie evidence of the account of the method of service. See Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc., 301 F.3d 54, 57 (2d Cir. 2002). Thus, a rebuttable presumption that service

4

was proper is created. To overcome the presumption of proper service, Defendant may submit a sworn denial of receipt of service, thereby necessitating an evidentiary hearing. See Id. (citing Skyline Agency, Inc. v. Ambrose Coppotelli, Inc., 502 N.Y.S.2d 479, 483-84 (App. Div. 1986)). No hearing is required, however, "where the defendant fails to swear to specific facts to rebut the statements in the process server's affidavits." Id. at 58 (quotations and citations omitted); see also Single Source Roofing Corp. v. 228 Granite Ave. Realty LLC, No. 05-CV-1241, 2005 U.S. Dist. LEXIS 29879, at *8 (E.D.N.Y. Nov. 22, 2005) (holding defendant did not assert any specific facts to rebut the presumption of service); NYCTL 1997-1 Trust v. Nillas, 732 N.Y.S.2d 872, 873 (App. Div. 2001) (holding defendant's failure to substantiate her claim that she was not at the place of service when service was made fails to rebut presumption of proper service established by process server's affidavit).

Plaintiff filed an affidavit of service on September 7, 2005, establishing a prima facie case of the account of the method of service on Defendant. (Pl's. Aff. of Service of Summons and Complaint, dated Sept. 2, 2005 ("Pl's. Aff.")). In response to the default judgment and the Report and Recommendation, Defendant offered a conclusory statement, namely, "I was never served with a Summons and Complaint in the above-entitled action." (Def.'s Aff. ¶ 1.) Despite being giving numerous opportunities, Defendant failed to assert specific facts rebutting the presumption of proper

5

service established by the process server's affidavit of service. Accordingly, the need for an evidentiary hearing never arose. Notwithstanding Defendant's failure to make the required showing, this Court conducted a traverse hearing to determine whether Defendant had been served on September 2, 2005.

Plaintiff's affidavit of service states that process server Robert Gulinello ("Gulinello") served Defendant on September 2, 2005 at 11:23 a.m. at 100 Broad Hollow Road, Farmingdale, New York, Suite 100, which is Defendant's place of business. At the traverse hearing, Gulinello testified that he attempted to serve Defendant multiple times on August 31, 2005, first at 27 Blueberry Court in Melville, New York, then at 315 Court Drive in Melville, New York. (Traverse Hr'g 9:4-12:15.) When Gulinello went to 315 Court Drive, which Gulinello states is a gated community, he was denied entry into the complex by a security guard after the guard spoke with Defendant's wife. (Id. at 11:3-25.) After several attempts to gain entry into the complex at different times on August 31, 2005, Gulinello contacted Plaintiff for assistance. (Id. at 12:6-16.) Later that same day, Gulinello gained access into the gated community with the assistance of two marshals, but no one answered the door at 315 Court Drive. (Id. at 12:18-13-6.) Gulinello left his business card at 315 Court Drive. Later that same evening, Gulinello received a telephone call from Defendant, at which time they arranged to meet at 11:30 a.m. on September 2, 2005 at 100 Broad Hollow Road, Farmingdale, Suite 100,

6

Defendant's place of business. (Id. at 13:5-14:5.) At the hearing, Gulinello identified Defendant as the person he served on September 2, 2005 at 100 Broad Hollow Road, Farmingdale, Suite 100. (Id. at 14:7-23.) Gulinello made notes of the service in his log book, which Plaintiff submitted as evidence, but Defendant had refused to sign it. (Id. at 15:5-14.) In addition, Gulinello served Defendant on two subsequent occasions, and Defendant signed Gulinello's log book on both occasions. Gulinello testified that he served the same person, the Defendant, all three times. (Id. at 15:25-18:11.)

At the traverse hearing, Defendant offered, for the first time, specific facts in an effort to rebut the presumption of proper service. Defendant testified, and offered proof, that he had a doctor's appointment with Dr. Stephen Rush at 9 a.m. on September 2, 2005 in Lake Success, New York.[2] In addition, Defendant produced a copy of his calendar for September 2, 2005 indicating that he had a meeting at 2 p.m. on that day in southern New Jersey. (Def.'s Ex. C) Defendant contends that, because of his doctor's appointment and his subsequent meeting in New Jersey, it would be impossible for him to be at his office in Farmingdale, New York at 11:23 a.m. The record, however, does not establish a firm alibi for Defendant. Neither Dr. Rush's record nor Defendant's calendar substantiate Defendant's claim that he was not

---

[2] Plaintiff subpoenaed Dr. Rush's appointment books, which Plaintiff then submitted as evidence, indicating that Defendant had an appointment with Dr. Rush at 9 a.m. on September 2, 2005, which had a 15 minute duration. (Pl.'s Ex. 2).

7

at his place of business at 11:23 a.m on September 2, 2005. In addition, it appears that Defendant was on numerous medications, including high doses of morphine, at the time in question. Defendant has failed to make a sufficient showing to rebut the presumption of proper service established by Gulinello's affidavit of service and credible testimony.

IV. CONCLUSION

Magistrate Judge Orenstein, in his thorough and well-reasoned opinion, recommended that the Court enter a default judgment against Defendant and that sanctions be imposed. Having conducted a de novo review of the matter and Defendant's objection, the Court agrees with Judge Orenstein's analysis and conclusion. For the reasons set forth above, the Court hereby ADOPTS Judge Orenstein's Report and Recommendation in its entirety. Accordingly, the Clerk of the Court is ordered to enter a default judgment against Defendant, and the sanctions set forth in the Report and Recommendation are hereby ADOPTED.

Dated:    Central Islip, New York
          November 3, 2006         SO ORDERED

                                          Joanna Seybert, U.S.D.J.